**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE FINAL CO. LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>16BEAUTYDAY, et al.,<br><br>　　　　　　Defendants. | Case No. 20-cv-02640<br><br>**Judge Harry D. Leinenweber**<br><br>**Magistrate Judge Maria Valdez** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

　　Plaintiff The Final Co. LLC ("Plaintiff" or "Final") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

## MEMORANDUM OF LAW

**I.     INTRODUCTION**

Plaintiff Final brings the present action against the defendants identified on Schedule A to the Amended Complaint (collectively, the "Defendants") for federal design patent infringement (Count I). As alleged in Plaintiff's Amended Complaint [12], the Defendants are offering for sale and selling unauthorized and unlicensed products, namely foldable reusable straws, that infringe Final's patented design (the "Infringing Products"), through at least the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Amended Complaint (collectively, the "Seller Aliases").

**II.    STATEMENT OF FACTS**

On May 4, 2020, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order ("the TRO"). [26]. The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by electronically publishing a link to the Amended Complaint, the TRO and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Kelly Frazier and any e-mail addresses provided for Defendants by third parties that includes a link to said website. [26] at ¶ 7. Since and pursuant to entry of the TRO, several financial accounts associated with the Seller Aliases have been frozen. *See* Declaration of Justin R. Gaudio (hereinafter, "Gaudio Declaration") at ¶ 2.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Infringing Products during the pendency of this litigation. As part of

---

[1] The e-commerce store urls are listed on Schedule A to the Amended Complaint under the Online Marketplaces.

the Preliminary Injunction, Plaintiff requests that Defendants' financial accounts remain frozen until completion of these proceedings.

**III.　ARGUMENT**

　A.　<u>This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied</u>

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g. Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, 2001 WL 527404, at *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

　B.　<u>The Equitable Relief Sought Remains Appropriate</u>

Since entry of the TRO, PayPal, Inc. ("PayPal"), Alipay, Amazon and Wish.com have restrained accounts linked to the Seller Aliases that were offering for sale and/or selling the Infringing Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from their financial accounts to an offshore account. In addition, and as established in Plaintiff's TRO Memorandum [15], many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, No. 1:03-cv-04844, 2005 WL

3115892 (N.D. Ill. Nov. 8, 2005). Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

## IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction.

Dated this 11th day of June 2020.	Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Jake M. Christensen
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
jchristensen@gbc.law

*Counsel for Plaintiff The Final Co. LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Kelly Frazier and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Jake M. Christensen
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law
jchristensen@gbc.law

*Counsel for Plaintiff The Final Co. LLC*